United States District Court
Southern District of Texas

**ENTERED**

September 15, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JZAVELA-ARETHEA K DOUGHERTY *and* DATTA DOUGHERTY, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-19-3037 |
| | § | Civil Action No. H-19-3408 |
| US BANK AND TRUST NATIONAL ASSOCIATION, *as Trustee of the Igloo Series III Trust, and* SERVICE ONE, INC., *d/b/a BSI Financial Services, Inc.*, | § § § § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court are Defendants' Motion for Summary Judgment and Brief in Support (Document No. 38) and Defendant's Motion for Summary Judgment and Brief in Support (Document No. 39). Having considered the motions, submissions, and applicable law, the Court determines the motions should be granted.

## I. BACKGROUND

This is a foreclosure case concerning real property at 2534 Splintwood Court, Kingwood, Texas ("the Property"). On February 27, 2009, Michael Dougherty, Plaintiff Jzavela-Arethea K. Dougherty's ("Dougherty") former husband, obtained

a mortgage and signed a promissory note on the Property (the "Note") with Network Funding, L.P. The same day, Dougherty and her former husband both allegedly executed a deed of trust ("Deed of Trust") on the Property. The Note and Deed of Trust were subsequently assigned to Wells Fargo and then to Defendant U.S. Bank and Trust National Association, as Trustee of the Igloo Series III Trust ("US Bank"). Defendant Service One, Inc., doing business as BSI Financial Services ("BSI"), is the loan servicer for US Bank. Dougherty alleges her former husband is now deceased and Dougherty is a successor in interest in the Property. Dougherty further alleges US Bank has failed to acknowledge her interest in the Property or to work with her to attempt loss mitigation. US Bank disputes Dougherty's allegations.

On August 4, 2019, Dougherty filed this lawsuit against US Bank in the 281st Judicial District Court of Harris County, Texas. Dougherty asserts claims against US Bank for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and for declaratory judgment.[1] Dougherty also moved for injunctive relief to prevent US Bank from selling the Property at a foreclosure sale. On August 14, 2019, US Bank removed the case to this Court based on federal

---

[1] On January 23, 2020, the Court granted Dougherty leave to file an amended complaint. *Order*, Document No. 36. The claims provided are based on Dougherty's amended complaint.

question and diversity jurisdiction. On August 30, 2019, after a hearing, the Court denied Dougherty's motions for injunctive relief.

On September 3, 2019, based on essentially the same facts alleged as Dougherty, Plaintiff Datta Dougherty ("Datta") (Dougherty and Datta, collectively "Plaintiffs"), Dougherty's adult son, filed a lawsuit as a *pro se* litigant[2] against US Bank and BSI (collectively, "Defendants") in the 151st Judicial District Court of Harris County, Texas. Datta asserts claims for: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) violations of RESPA; (4) violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Texas Business & Commerce Code § 17.41 *et seq.* ("DTPA"); and (5) declaratory judgment. On September 10, 2019, Defendants removed the case to this Court on the basis of federal question jurisdiction. On November 3, 2019, this Court denied Datta's requests for injunctive relief. On November 4, 2019, the Court consolidated Dougherty and Datta's cases at the request of US Bank. On March 3, 2020, Defendants moved for summary judgment as to Datta's claims. On March 11, 2020, US Bank moved for summary judgment as to Dougherty's claims.

---

[2] On March 24, 2020, counsel for Dougherty filed a response to Defendants' motion for summary judgment on behalf of Datta, indicating counsel had agreed to represent Datta due to consolidation of the claims. *Plaintiff Datta Dougherty's Response to Defendants' Motion for Summary Judgment*, Document No. 40 at 1.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of*

*Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW AND ANALYSIS

Defendants move for summary judgment on Datta's claims. US Bank also moves for summary judgment as to Dougherty's claims. The Court addresses each motion in turn.

A.    *Motion for Summary Judgment as to Datta*

Defendants move for summary judgment, contending: (1) Datta has no legal or contractual relationship with Defendants; (2) Datta does not have standing; and (3) Datta cannot establish a claim to allow for injunctive relief. The Court addresses each of Datta's claims in turn.

1.    *Breach of Contract*

Defendants contend Datta's breach of contract claim should be dismissed because Datta has no contractual relationship with the Defendants. Under Texas law, the elements for a breach of contract claim are: (1) the existence of a valid contract between the parties; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the contract; and (4) damages resulting from the breach. *Lewis v. Bank of Am. NA*, 343 F.3d 540, 544–45 (5th Cir. 2003).

In support of Defendants motion, Defendants produce requests for admission showing Datta failed to answer or otherwise object when asked to admit Datta has no contractual relationship to Defendants.[3] Requests for admission are automatically deemed admitted if not answered or objected to in writing within thirty days. Fed. R. Civ. P. 36(a)(3). Therefore, Datta admits Datta has no contractual relationship to Defendants. Furthermore, Datta fails to produce evidence of any contractual

---

[3] *Defendant's Motion for Summary Judgment and Brief in Support*, Document No. 38, Exhibit A-1 at 18 (*Defendants' First Set of Discovery to Plaintiff Datta Dougherty*).

relationship with Defendants in Datta's response to the motion for summary judgment. The Court finds Datta fails to show there is a genuine dispute of material fact as to the existence of a valid contract between Datta and Defendants. Accordingly, Defendants' motion for summary judgment is granted as to Datta's breach of contract claim.

2.      *Breach of Duty of Good Faith and Fair Dealing*

Defendants contend Defendants do not owe Datta any duty, because Datta has no contractual or special relationship with Defendants. "The duty of good faith and fair dealing only exists in Texas where the express language of a contract creates the duty or where a special relationship of trust exists between the parties." *Souto v. Bank of Am., N.A.*, Civ. A. No. H-11-3556, 2012 WL 3638024, at *4 (S.D. Tex. Aug. 22, 2012) (Harmon, J.) (citing *Arnold v. Nat'l Cty. Mut. Fire Ins. Co.*, 725 S.W.3d 165, 167 (Tex. 1987)). There is " 'no special relationship between a mortgagor and mortgagee' that would give rise to a stand-alone duty of good faith and fair dealing." *Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (per curiam) (quoting *UMLIC VP LLC v. T&M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi, 2005, pet. denied)).

As previously discussed, Datta fails to show there is a valid contractual relationship with Defendants. Furthermore, Datta does not cite any precedent or produce evidence to establish Datta has a special relationship of trust with

Defendants. The Court finds Datta fails to establish a genuine dispute of material fact as to whether Defendants owe Datta a duty of good faith and fair dealing. Accordingly, Defendants' motion for summary judgment is granted as to Datta's duty of good faith and fair dealing claim.

    *3.    RESPA*

    Defendants contend Datta lacks standing to pursue a claim against Defendants for violations of RESPA. Datta contends Datta has standing under RESPA. The protections afforded under RESPA are limited to borrowers. *See* 12 U.S.C. § 2605(f); *Bridges v. Bank of N.Y. Mellon*, Civ. A. H-17-1429, 2018 WL 836061, at *8 (S.D. Tex. Feb. 12, 2018) (Lake, J.). A person's status as a borrower is determined by the party's "legal status under the Note." *Barzelis v. Flagstar Bank, F.S.B.*, 784 F.3d 971, 977 (5th Cir. 2015). Potential successors in interest do not have "a private right of action . . . for claims that a servicer made an inaccurate determination about successorship status or failed to comply with § 1024.36(i) or § 1024.38(b)(1)(vi)." Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 Fed. Reg. 72160, 72175 (Oct. 19, 2016).

    Datta does not produce any evidence to support he was a signatory or a third-party beneficiary to the Note. The Court therefore finds Datta fails to establish he is a borrower under RESPA. Furthermore, to the extent Datta attempts to bring claims

as a potential successor in interest, Datta would not have a private right of action. *See id.* The Court therefore finds Datta lacks standing to pursue claims under RESPA. Accordingly, Defendants' motion for summary judgment is granted as to Datta's RESPA claims.[4]

> ### 4.   DTPA

Defendants contend Datta cannot establish a claim under the DTPA, because he has no legal or contractual relationship with Defendants. "The DTPA protects consumers; therefore, consumer status is an essential element of a DTPA cause of action." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724 (5th Cir. 2013) (quoting *Mendoza v. Am. Nat'l Ins. Co.,* 932 S.W.2d 605, 608 (Tex. App. 1996)). To qualify as a consumer, the plaintiff must establish: (1) the plaintiff sought or acquired goods or services by purchase or lease; and (2) the goods or services purchased or leased formed the basis of the complaint. *Id.* at 724–25. Datta does not allege, or produce evidence that, Datta attempted to acquire goods or services from Defendants. The Court therefore finds Datta fails to establish he is a consumer as

---

[4] Datta alleges his father, Michael Dougherty, the signatory on the Note, is deceased. Datta fails to produce any documentation to support this allegation. Thus, the Court need not address the legal effect, if any, of Michael Dougherty's death on Datta's legal status under the Note. *See Barzelis*, 784 F.3d at 977 (reversing grant of summary judgment based on the district court's failure to consider the legal implications of Texas intestate laws on the plaintiff's status as a borrower).

required by the DTPA. Accordingly, the Defendants' motion for summary judgment is granted as to Datta's DTPA claim.

5.    *Declaratory Judgment*

Datta seeks a declaration that foreclosure of the Property is wrongful because Defendants are in violation of the Texas Property Code and RESPA. "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." *Cal-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400 (5th Cir. 2011) (per curiam) (citing *Bauer v. Tex.*, 341 F.3d 352, 357–58 (5th Cir. 2003); *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)). Therefore, declaratory relief may not be granted absent the existence of a separate substantive underlying claim. *Id.* at 400–01. The Court has granted summary judgment on all other claims asserted in this case by Datta. The only remaining claim is for a declaratory judgment. Accordingly, the Defendants' motion for summary judgment is granted as to Datta's request for declaratory relief.

B.    *Motion for Summary Judgment as to Dougherty*

US Bank moves for summary judgment, contending Dougherty lacks standing to pursue claims under RESPA and cannot obtain declaratory relief. Dougherty contends she has standing as a successor in interest. The Court addresses each of Dougherty's claims in turn.

### 1.   RESPA

US Bank contends Dougherty does not have standing under RESPA, as she is not a borrower as to the Property. Dougherty does not dispute she is not a borrower, rather Dougherty contends she is a successor in interest.[5] Potential successors in interest do not have "a private right of action . . . for claims that a servicer made an inaccurate determination about successorship status or failed to comply with § 1024.36(i) or § 1024.38(b)(1)(vi)." Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 Fed. Reg. 72160, 72175 (Oct. 19, 2016). However, a "confirmed successor in interest" is treated the same as a borrower under RESPA. See 12 C.F.R. §§ 1024.31, 1024.36, 1024.38.

Dougherty first asserts she is a potential successor in interest and that US Bank failed to identify her as such. Alternatively, Dougherty alleges US Bank confirmed her as a successor in interest in November 2019.[6] However, evidence attached to Dougherty's amended complaint shows correspondence from Defendants' counsel

---

[5] *Plaintiff Jzavela-Arethea Dougherty's Response to Defendants' Motion for Summary Judgment*, Document No. 45, ¶ 2 [hereinafter *Dougherty's Response to US Bank's Motion*].

[6] *Dougherty's Response to US Bank's Motion*, *supra* note 5, ¶ 4.

indicating Dougherty nor Datta had been confirmed as successors in interest.[7] The Court therefore finds Dougherty lacks standing to pursue claims under RESPA. *See* 81 Fed. Reg. 72175. Accordingly, US Bank's motion for summary judgment is granted as to Dougherty's RESPA claims.

2.    *Declaratory Judgment*

Dougherty seeks a declaration that foreclosure of the Property is wrongful because US Bank is in violation of RESPA. "[F]ederal law require[s] the existence of a justiciable case or controversy in order to grant declaratory relief." *Cal-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400 (5th Cir. 2011) (per curiam) (citing *Bauer v. Tex.*, 341 F.3d 352, 357–58 (5th Cir. 2003)). Therefore, declaratory relief may not be granted absent the existence of a separate substantive underlying claim. *Id.* at 400–01. The Court has granted summary judgment on Dougherty's RESPA claim. The only remaining claim is for a declaratory judgment. Accordingly, US Bank's motion for summary judgment is granted as to Dougherty's request for declaratory relief.

### III. CONCLUSION

Based on the foregoing, the Court hereby

---

[7] *Plaintiff's First Amended Complaint*, Document No. 32, Exhibit 7 (*December 9, 2019, Correspondence Between Counsel*).

**ORDERS** that Defendants' Motion for Summary Judgment and Brief in Support (Document No. 38) is **GRANTED**. The Court further

**ORDERS** that Defendant's Motion for Summary Judgment and Brief in Support (Document No. 39) is **GRANTED**.

The Court will issue a separate Final Judgment.[8]

SIGNED at Houston, Texas, on this __14__day of September, 2020.

_David Hittner_
DAVID HITTNER
United States District Judge

---

[8] Also pending before the Court are Defendants' Motion to Dismiss (Document No. 23), Defendant's Motion to Dismiss (Document No. 25), Defendants' Motion to Enjoin Plaintiffs From Filing Another Lawsuit Related to the Property Without Leave of This Court (Document No. 27), and Emergency Motion Notification With Requests (Document No. 31). In light of the Court's Order, the motions are denied as moot. The Court notes US Bank asserts counterclaims against Dougherty for declaratory judgment and to remove cloud of title on the Property. *Order*, Document No. 35. Both the declaratory judgment and suit to remove cloud of title are premised on US Bank's contention that Dougherty's lawsuit creates a cloud on title to US Bank's superior lien. *See Defendant's Original Counterclaims*, Document No. 14. The Court therefore finds both counterclaims are based on the existence of the underlying suit and are therefore rendered moot by this Order. *See Capetillo v. Wells Fargo, N.A.*, No. 7:16-CV-216, 2017 WL 1397143, at *5 (S.D. Tex. Mar. 1, 2017) (Crane, J.).